# DECISIONS

## OF THE

# COURT OF APPEALS OF KENTUCKY

## JANUARY TERM, 1907

CASE 1.—ACTION BY IRA KELLY AGAINST THE ILLINOIS
CENTRAL RY. CO., FOR LOSS OF SERVICE AND
EXPENSES INCURRED IN NURSING A BOY FOR
WHOM HE CLAIMED TO STAND IN LOCO PAR-
ENTIS, AND WHO WAS INJURED WHILE IN THE
EMPLOY OF THE COMPANY.—March 7.

## Kelly v. Illinois Cent. Ry. Co.

Appeal from Caldwell Circuit Court.

J. F. GORDON, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Af-
firmed.

Parent and Child—Person in Loco Parentis—Loss of Child's
Services—Right of Recovery.—Where plaintiff had not legally
adopted a 16-year-old boy, and was not his guardian, he could
not recover for loss of his services, though he had kept him
ever since the boy was very small.

R. W. LISANBY, WARD HEADLEY and HODGE & HODGE for
appellant.

JOHN C. GATES, TRABUE, DOOLAN & COX and J. M. DICK-
INSON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Ernest Kelly, a negro boy, 16 or more years of age, was injured while employed as a switchman in the yards of appellee company at Princeton, Ky. Appellant, Ira Kelly, filed suit against appellee in the Caldwell circuit court, seeking to recover damages for the loss of service and expenses incurred in nursing Ernest Kelly after his injury. He alleged that Ernest Kelly was his son, that he was wrongfully employed by appellant in a dangerous and hazardous work, and that by the negligence of appellee while so employed he was seriously and permanently injured. Appellee answered, traversing all of the material allegations of the petition, and thereupon appellant filed an amended petition, in which he stated that Ernest Kelly was not his son, but that he (appellant) stood in loco parentis to him. To this petition as amended appellee demurred, the demurrer was sustained, appellant declined to plead further, and his petition was dismissed. Because of this ruling on the part of the trial court, he prosecutes this appeal.

The question for determination is: Does the petition state a cause of action? There is nothing in the record showing that Ernest Kelly is in any way related to appellant. He alleges that he is not the father of the boy, but that he stands in loco parentis to him. It is not alleged that appellant ever adopted the boy, as he might have done by complying with the requirements of sections 2071 and 2072 of the Kentucky Statutes of 1903. Nor is it shown that he ever qualified as guardian. His right, therefore, to bring this suit, rests solely upon the fact that he took Ernest

Kelly into his home when he was a very small boy, and has kept him there since. Did this fact impose upon appellant any legal obligation to continue to maintain and support Ernest Kelly? Or, was Ernest Kelly under any legal obligation to continue to remain with and give his services to appellant? Or, had he desired at any time to leave the home and service of appellant, could appellant, by any process of law, have compelled him to return to his home and continue in his service? The answer to these two questions must determine appellant's right to prosecute this suit. If he was under any legal obligation or responsibility to support the boy, or the boy was under any legal obligation to remain with and continue to render service to appellant, then appellant would certainly have the right to recover such damages as he has sustained because of his being deprived of this service. And, on the other hand, if he was not entitled in law to compel the boy to continue to render service to him and remain with him during his minority, then he is not entitled to maintain this suit. The right to recover for loss of service is based primarily and solely upon the right of the complainant to receive this service. This court has held, in a number of cases, that the father may recover for the loss of service of his child, and that, if the father be dead, the guardian may recover therefor, and that, if there be no guardian, then the mother may recover. But we have been unable to find any authority which would authorize one occupying a position similar to that occupied by appellant in this case to prosecute a suit for loss of service. He might, with propriety, have instituted a suit as next friend. but this would not have been for loss of service, but for the personal injury to the boy, and the recovery would be for the

benefit of the boy, and not for the benefit of appellant. The relationship existing between appellant and the boy was not such as imposed any legal duty or obligation upon either to continue that relationship. It is true that the boy may have been under a moral obligation or duty to render to appellant service as a reward for the kindness extended to him in his earlier life; but this duty. if he owed such, was not one which appellant could have enforced.

We are therefore of opinion that appellant failed to show that he had a right to maintain this suit, and the judgment is affirmed.